NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-------------------------------------------------------x

RACHEL CARTER, FRANK SOTTILE, JARRA,  :
FLANAGAN, JUSTIN MOGLIA, JOSE         :
ALVARADO and NATALIE DECEGLIE,        :
                                  :
   Plaintiffs,               :
                                  :   Civ. No. 04-5893 (DRD)
                                  :
   v.                        :
                                  :
THE CITY OF NEW YORK, NEW YORK CITY   :   OPINION
POLICE DEPARTMENT, individually and in their  :
official capacity as New York City Police Officers -  :
POLICE OFFICER SAMUEL PEREZ, POLICE   :
OFFICER GLENN GLENNERSTER, et al.,    :
                                  :
   Defendants                :
                                  :

-------------------------------------------------------x

Danielle Abouzeid, Esq.
Patrick J. Bartels, Esq.
Stephen T. Sullivan, Jr., Esq.
LYNCH ♦ MARTIN
830 Broad Street
Shrewsbury, New Jersey 07702

    Attorneys for Plaintiffs

Vikrant Pawar, Esq.
THE CITY OF NEW YORK LAW DEPARTMENT
100 Church Street
New York, New York 10007

    Attorney for Defendants the City of New York and New York City Police Department

**DEBEVOISE, Senior District Judge**

1

This matter is before the Court on the City of New York and New York City Police Department's ("the NYPD") (together "Defendants"), motion to dismiss or in the alternative transfer.[1]  Plaintiffs, Rachel Carter ("Carter"), Frank Sottile ("Sottile"), Jarra Flanagan ("Flanagan"), Justin Moglia ("Moglia"), Jose Alvarado ("Alvarado") and Natalie Deceglie ("DeCeglie") (together "Plaintiffs") filed their Complaint on November 29, 2004, seeking damages pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and adding pendant state law claims alleging they were deprived of their constitutional rights, against the City of New York, the NYPD, NYPD Police Officers Samuel Perez ("Officer Perez") and Glenn Glennerster ("Officer Glennerster") (together "the Officers") and other unnamed defendants.

Defendants move to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and based on improper venue pursuant to Fed. R. Civ. P. 12(b)(3) or in the alternative for a transfer of venue, pursuant to 28 U.S.C. §1404(a), to the United States District Court for the Eastern or Southern District of New York.  For the reasons set forth below Defendants' motion to transfer will be granted.

## I. Background

The following facts are uncontested for the purposes of this motion.  On August 31, 2003, Plaintiffs, all New Jersey residents, attended a barbeque at Flanagan's parents' home ("the house") in Staten Island, New York.  At approximately 2:00am on September 1, 2003, Plaintiffs

---

[1] Only the City of New York and the New York City Police Department, which the Court notes are one in the same for the purposes of this case, bring this motion.  Although Officers Perez and Glennerster have been served, it has not yet been determined whether the Police Benevolent Association ("PBA") or the City of New York Law Department will serve as counsel for the Officers in this case.

walked from the house to nearby Crescent Beach Park ("the park").  While at the park, Plaintiffs were harassed by a group of approximately fifteen to twenty male and female Caucasian individuals ("the group").  Specifically, the group hurled racial epithets at Carter, the only African-American Plaintiff, struck Alvarado with a weapon, and physically attacked the remaining Plaintiffs.  During the attack, DeCeglie ran back to the house and called 911.

At approximately 2:30am, two uniformed NYPD officers, Officer Perez and Officer Glennerster from the 122nd precinct in Staten Island, New York arrived at the park.  Plaintiffs were injured in the attack and had sustained cuts and bruises and were bloodied.  Plaintiffs explained to the Officers that they were harassed and physically attacked by the group.  Carter requested the Officers' assistance in finding and arresting the group responsible for the attack. The Officers inquired as to whether Carter knew any of the individuals who were part of the group and Carter responded that she did not know any of them.  The Officers responded by informing Plaintiffs that if they did not know the identities of the individuals who attacked them, they could not pursue the matter or press charges.  The Officers then proceeded to tell Plaintiffs that because they were from New Jersey they should leave before the attackers came back with guns.  Plaintiffs then left Staten Island and returned to New Jersey, per the Officers' recommendation.  Plaintiffs did not seek medical attention until returning to New Jersey.  Days later, Carter and Moglia returned to the 122nd precinct and filed criminal complaints against the group.

## II. Discussion

The Court will first address Defendants' motion to dismiss for lack of in personam

jurisdiction.

A federal district court may assert personal jurisdiction over a nonresident defendant to the extent permitted by the law of the state in which the court is located.  Fed. R. Civ. P. 4(e)(1).  New Jersey's long-arm statute provides for personal jurisdiction over nonresidents to the fullest extent permitted by due process. N.J. Civ. R. 4:4-4(b)(1); *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 284 (3d Cir. 1981).

Determining whether an assertion of personal jurisdiction comports with due process requires a two-step analysis.  First, the court must determine whether the defendant has purposefully established minimum contacts with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).  The defendant's conduct and connection with the forum state must be such that he could reasonably anticipate being haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Asahi Metal Indus. Co. v. Super. Ct.*, 480 U.S. 102, 112 (1987).  Where the cause of action arises out of or is related to the defendant's contacts with the forum state, the court may exercise "specific" personal jurisdiction over the defendant. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).  Where the cause of action does not arise out of the defendant's forum activities, a court may exercise "general" personal jurisdiction if the defendant maintains sufficient contacts with the forum state.  Id. at 414 and n.9; *N. Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 690 n.2 (3d Cir. 1990).

Once it has been established that a defendant has established minimum contacts with the forum state, those contacts "may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger*

4

*King*, 471 U.S. at 476-77 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)).  In an appropriate case, the burden on the defendant will be considered in light of other relevant factors, including the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies. *World-Wide Volkswagen*, 444 U.S. at 292. These considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required.  *Burger King*, 471 U.S. at 477. On the other hand, the concept of "fair play and substantial justice" may defeat the reasonableness of jurisdiction even if the defendant has purposefully directed his activities at the forum state. *Id.* at 477-78.

In considering a motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of establishing, by a preponderance of the evidence, that a defendant's contacts with the forum state are sufficient to give the court personal jurisdiction over the defendant. *Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992); *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir. 1984).

It is likely that the Court has general jurisdiction over Defendants.  In personam jurisdiction is highly likely by virtue of undoubted continued activities of New York City with the state of New Jersey.  However, at this juncture, because the Court has no information with respect to the Officers and because the Officers haven't moved in this matter, it cannot be determined if this Court may exercise in personam jurisdiction over them.  Regardless of in personam jurisdiction, this Court lacks venue.  No defendant may be found in this state.  A

5

substantial part of the events or omissions giving rise to Plaintiffs' claims did not occur in New Jersey, and Defendants involved in this action are not situated in New Jersey.

28 U.S.C. 1391(b) provides, in pertinent part:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The events that give rise to this action are not Plaintiffs' obtaining medical attention in New Jersey after the allegedly wrongful acts occurred; rather they were the Officers' actions in Staten Island, New York. Because venue is improper in the District of New Jersey, the Court will transfer this action, pursuant to 28 U.S.C. §1406(a)[2]. *LaRose v. Sponco Mfg. Inc.*, 712 F. Supp. 455, 460-61 (D.N.J. 1989).

Section 1406(a) provides:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Plaintiffs could have brought this action in the United States District Court for the Eastern District of New York. That court would have had subject matter jurisdiction over the action pursuant to 28 U.S.C. §1332. It could have exercised personal jurisdiction over the

---

[2] Defendants ask the court to transfer this case pursuant to 29 U.S.C. §1404(a). Because the court finds that venue in the District of New Jersey is improper, however, the appropriate statute for the court to invoke in transferring the case is 28 U.S.C. §1406. It is unnecessary to perform a § 1404(a) analysis to determine if transfer should also be effected pursuant to that statute.

Defendants because Defendants' activities are centered in New York City and a substantial part of the events giving rise to this claim occurred in New York City.  Venue would have been proper in that district pursuant to 28 U.S.C. §1391(a), (b) and (c).

The Court further notes, there is already pending in the Eastern District of New York an action that involves the same circumstances that are the subject of this action.  Judicial economy is served by transferring the case to that district.

<u>Conclusion</u>

Because this Court lacks venue, the case will be transferred to the Eastern District of New York.  The Court will file an appropriate order.

/s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: April 28, 2005

7